[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15045
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00067-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DONNELL ONER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2010)

Before EDMONDSON, BIRCH and MARTIN, Circuit Judges.

PER CURIAM:

James Donnell Oner pleaded guilty to knowingly possessing a firearm after

having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The

district court sentenced him to the statutory minimum of fifteen years

imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e), which provides for an enhanced sentence if the offender has three prior

"violent felony" convictions arising from separate occasions. On appeal, Mr. Oner

challenges his sentence, arguing that none of his three prior convictions—namely

two convictions for aggravated fleeing or eluding a police officer in violation of

Fla. Stat. § 316.1935(3)(a) and one conviction for armed robbery in violation of

Fla. Stat. § 812.13(2)(a)[1]—constitute a "violent felony" under the ACCA.

I.

We review de novo whether a defendant's prior convictions qualify as a

"violent felony" within the meaning of the ACCA. United States v. Canty, 570

F.3d 1251, 1254 (11th Cir. 2009).

Under the ACCA, the term "violent felony" is defined in pertinent part as

any felony that

> (i) has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk of
> physical injury to another.

---

[1]The statutes have not been amended since Oner's convictions.

18 U.S.C. § 924(e)(2)(B)(i)-(ii). We have noted that this definition is virtually identical to the definition of a "crime of violence" under the United States Sentencing Guidelines § 4B1.2(a)(1)-(2). See United States v. Harris, 586 F.3d 1283, 1285 (11th Cir. 2009). Compare U.S.S.G. § 4B1.2(a)(1)-(2), with 18 U.S.C. § 924(e)(2)(B)(i)-(ii). For that reason, the same analysis used to determine whether an offense qualifies as a "violent felony" under the ACCA is also used to determine whether an offense qualifies as a "crime of violence" under § 4B1.2(a)(1)-(2). See Harris, 586 F.3d at 1285–86.

## A.

Florida law makes it a second-degree felony for a person to "[d]rive[ ] at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property" while "willfully flee[ing] or attempt[ing] to elude a law enforcement officer" in a marked patrol car with its sirens and lights activated. Fla. Stat. § 316.1935(3)(a). Whether this crime qualifies as a "violent felony" depends on whether it falls within the ACCA's so-called "residual clause" in that it "involves conduct that presents a serious potential risk of physical injury to another." See 18 U.S.C. § 924(e)(2)(B)(i)-(ii). As Oner concedes, our precedent squarely requires us to hold that it does.[2]

---

[2]Oner tells us that he raised this issue to preserve it for possible appellate review.

In United States v. Orisnord, 483 F.3d 1169, 1183 (11th Cir. 2007), we held that a conviction under § 316.1935(3)(a) qualified as a "crime of violence" because it fell within the residual clause of § 4B1.2(a)(2). After reviewing the statutory language of the offense and noting that the touchstone of a "crime of violence" is the "'potential risk' of injury, rather than actual violence or actual injury," we reasoned that

> [t]he dangerous circumstances surrounding a person's attempt to flee from law enforcement coupled with the person's operation of a motor vehicle most assuredly presents a "potential risk of physical injury" to others. And the stress and urgency of the situation will likely cause the person fleeing to drive recklessly, turning any pursuit into a high-speed chase with the potential for serious harm to pedestrians, other drivers, and the pursuing officers. Indeed, collisions between fleeing vehicles and pedestrians or other vehicles sharing the road are common. Moreover, by deliberately disobeying a law enforcement officer, the fleeing motorist provokes an inevitable, escalated confrontation with the officer when he is finally apprehended. "Such a confrontation inherently presents the serious potential risk of physical injury because the fleeing driver[,] intent on his goal of eluding the officer[,] faces the decision of whether to dispel the officer's interference or yield to it."

Orisnord, 483 F.3d at 1182–83 (quoting United States v. Martin, 378 F.3d 578, 583 (6th Cir. 2004)) (second and third alterations in original) (citations omitted).

Following our decision in Orisnord, the Supreme Court decided a trilogy of cases considering whether a prior conviction qualifies as a "violent felony" under the ACCA's residual clause. See Chambers v. United States, __ U.S. __, 129 S.

4

Ct. 687 (2009); Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008); James v. United States, 550 U.S. 192, 127 S. Ct. 1586 (2007). Those cases established a categorical approach whereby courts ask whether, based on the statutory text, the offense of conviction involves purposeful, violent, and aggressive conduct whose risks for potential injury are similar in degree and kind to the ACCA's enumerated offenses of burglary, arson, extortion, and any offense involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii); United States v. Harrison, 558 F.3d 1280, 1284–90 (11th Cir. 2009).

In light of those cases, we again considered in United States v. Harris, 586 F.3d 1283, 1286 (11th Cir. 2009), whether § 316.1935(3)(a) qualifies as "crime of violence" under § 4B1.2(a)(2). We held that it did, reasoning that the statutory elements of "willfully flees or attempts to elude" a police officer either at a "high speed" or with "a wanton disregard for the safety of persons or property" required purposeful conduct and that the risks flowing from such action presented, like the enumerated crimes, a serious potential risk of physical injury to others. Harris, 586 F.3d at 1288–89.

In light of our analysis and holding in Harris, we hold that convictions under § 316.1935(3)(a) qualify as a "violent felony" under the ACCA. The district court thus did not err with respect to Oner's two convictions thereunder.

5

B.

Oner's argument that his conviction for armed robbery under Fla. Stat. § 812.131(2)(a) does not qualify as a "violent felony" under the ACCA is likewise without merit. In United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006), we held that an armed robbery under Florida law in 1974 "undeniably" qualified as a violent felony because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The same conclusion unambiguously follows from the face of Florida's armed robbery statute today.[3] See Fla. Stat. § 812.13(2)(a). That statute requires the taking of another's money or property by "the use of force, violence, assault, or putting in fear" while carrying a firearm or other deadly weapon. Id.

Perhaps realizing the futility of his argument, Oner mentions that he only raises it in anticipation of a favorable ruling in United States v. Johnson, __ U.S. __, 130 S. Ct. 1265 (2010), regarding the scope of offenses that qualify as a "violent felony." In Johnson, the Court held that a simple battery under Fla. Stat. § 784.03(1)(a)(1), (2)—namely the "[a]ctual[ ] and intentional touch[ing] of another"—did not have as "an element the use … of physical force" because the physical force contemplated by the ACCA is "violent force." Johnson, __ U.S. at

_____

[3]Florida's armed robbery statute was amended on October 1, 1987, by redefining the offense of "robbery." 1987 Fla. Sess. Law. Serv. 87-317 (West).

__, 130 S. Ct. at 1269, 1271. The Court's holding in no way requires us to revisit our holding in Dowd.[4] The carrying of a firearm or other deadly weapon during a robbery surely implicates violent force and of the most severe kind.

The district court thus did not err in finding that Oner's conviction for Florida armed robbery qualified as a "violent felony" under the ACCA.

**AFFIRMED.**

---

[4]The holding in Johnson did not implicate the so-called "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii). It is therefore not relevant to our analysis in Part I.A.