[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13118

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2012
JOHN LEY
CLERK

D. C. Docket No. 07-00124-CR-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DWAYNE OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 27, 2012)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before DUBINA, Chief Judge, COX, Circuit Judge, and GOLDBERG,[*] Judge.

_____

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting
by designation.

DUBINA, Chief Judge:

In this case we are called upon to determine if convictions for second degree rape and second degree sodomy under Alabama law are violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as defined by the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 130 S. Ct. 1265 (2010). We conclude that neither offense qualifies as a violent felony. Accordingly, we vacate Appellant Christopher Dwayne Owens's sentence and remand to the district court for resentencing.

## I. BACKGROUND

A grand jury in the Middle District of Alabama indicted Owens on one count of violating 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Owens originally pled not guilty, but later changed his plea to guilty. The government did not enter into a plea agreement with Owens. The felon in possession offense carried a maximum ten year sentence of imprisonment. The district court determined that Owens qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) because he possessed a firearm after having been convicted of at least three violent felonies. The district court found that Owens's prior convictions for rape in the second degree and sodomy in the second degree under Alabama law qualified him for the ACCA enhancement. Hence, Owens was

subject to a mandatory minimum sentence of 15 years imprisonment to a maximum of life imprisonment. *See* 18 U.S.C. § 924(e)(1). After applying the ACCA enhancement, the district court found the advisory sentencing guidelines range to be 235 to 293 months and, accordingly, sentenced Owens to a term of 293 months' imprisonment.

On appeal, this court affirmed Owens's sentence, relying on our precedent in *United States v. Ivory*, 475 F.3d 1232 (11th Cir. 2007) (per curiam). *See United States v. Owens*, 363 F. App'x 696, 697 (11th Cir. 2010) (per curiam). The Supreme Court granted Owens's petition for a writ of *certiorari*, vacated the judgment, and remanded to this court for reconsideration in light of its decision in *Johnson*. *See Owens v. United States*, ___ U.S. ___, 131 S. Ct. 638 (2010).

## II. STANDARD OF REVIEW

This court reviews *de novo* a district court's determination that a particular conviction is a "violent felony" within the meaning of the ACCA. *United States v. Canty*, 570 F.3d 1251, 1254–55 (11th Cir. 2009), *cert. denied*, ___ U.S. ___ , 132 S. Ct. 532 (2011).

## III. DISCUSSION

A. *Violent Felony under the ACCA*

The ACCA provides for a mandatory minimum 15 year prison sentence for any convicted felon who possesses a firearm or ammunition after having been convicted of three violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined as any felony which "has as an element the use, attempted use, or threatened use of physical force against the person of another; or is burglary, arson, or extortion," or "involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). The court first examines whether the offense is a violent felony under the elements clause, which provides that the offense has as an element the use of physical force; second, whether the offense is one of the enumerated crimes; and third, whether it is an offense under the residual clause. When analyzing an offense under the residual clause, courts utilize a categorical approach: "examine [the offense] in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *United States v. Harris*, 608 F.3d 1222, 1232 (11th Cir. 2010) (quoting *Begay v. United States*, 553 U.S. 137, 141, 128 S. Ct. 1581, 1584 (2008)). In other words, we look at the relevant statute to discern the crime as it is ordinarily committed and consider whether the crime poses a "serious potential risk of physical injury" that is similar in kind and in degree to the risks posed by the

4

enumerated crimes. *Begay*, 553 U.S. at 142, 128 S. Ct. at 1585. Finally, we ask whether the conduct at issue in the statutory offense is "purposeful, violent and aggressive." *Id.* at 144–45, 128 S. Ct. at 1586.

B. *Alabama Convictions*

Owens has ten convictions for rape in the second degree and two convictions for sodomy in the second degree, all under Alabama law. Second degree rape is a violation of Alabama Code § 13A-6-62, which makes it a Class B felony for a person who is 16 years old or older to engage in sexual intercourse with a member of the opposite sex who is less than 16 years old and more than 12 years old, so long as the offender is two years older than the victim. Ala. Code § 13A-6-62 (1975). "Sexual intercourse" is defined as having "its ordinary meaning and occurs upon any penetration, however slight; emission is not required." *Id.* § 13A-6-60(1). Second degree sodomy is a Class B felony for a person who is 16 years or older and engages in deviate sexual intercourse with another person less than 16 years and more than 12 years old. *Id.* § 13A-6-64. "Deviate sexual intercourse" is defined as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." *Id.* § 13A-6-60(2). A person younger than 16 years old is

legally deemed incapable of consenting to sexual intercourse under Alabama law. *Id.* § 13A-6-70(c)(1).

C. *District Court*

At Owens's sentencing hearing, the district court, relying on our *Ivory* decision, determined that Owens's ten convictions for rape in the second degree and his two convictions for sodomy in the second degree qualify as violent felonies under the ACCA. In *Ivory*, we examined whether a violation of Alabama's second degree rape statute was a "crime of violence" under the sentencing guidelines because it involved "the use, attempted use, or threatened use of physical force against the person of another[.]" *Ivory*, 475 F.3d at 1234 (quoting U.S.S.G. § 4B1.2(a)(1)).[1] We explained that "the plain meaning of 'physical force' is power, violence, or pressure directed against a person consisting in a physical act." *Id.* at 1235. In interpreting the term "physical force" in the guidelines provision, we noted that "a person cannot engage in nonconsensual sexual penetration with another without exerting some level of physical force." *Id.* Because under Alabama law second degree rape is sexual intercourse with a person incapable of consenting to the act, we concluded "that a

---

[1] The Supreme Court has noted that the sentencing guidelines definition of "crime of violence" closely tracks the ACCA's definition of "violent felony." *James v. United States*, 550 U.S. 192, 206, 127 S. Ct. 1586, 1596 (2007).

second degree rape conviction under Alabama law must involve the use of physical force against the person of another." *Id.* at 1236 (internal quotation marks omitted).

As an alternative and independent basis for our holding, we concluded that second degree rape of a minor under Alabama law, at a minimum, "presents a serious potential risk of physical injury to another," as provided in § 4B1.2(a)(2) of the sentencing guidelines (the residual clause). *Id.*; *Cf. United States v. Rutherford*, 175 F.3d 899, 905 (11th Cir. 1999) (holding that a conviction for lewd assault against a minor involves "a serious potential risk of physical injury" and constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(2)). This court reasoned that "the commission of second degree rape by a nonconsensual act of sexual penetration poses an even greater risk of both physical force and physical injury" than a lewd assault because "a person cannot engage in nonconsensual sexual penetration with another without exerting some level of physical force." *Ivory*, 475 F.3d at 1238, 1235. Therefore, this court held that the offense of second degree rape under Alabama law "inherently poses a serious potential risk of physical injury to another," and qualifies as a crime of violence under the sentencing guidelines. *Id* at 1238.

D. *Johnson Decision*

In *Johnson*, the Supreme Court examined a battery offense under Florida law, which occurs when a person either actually and intentionally touches another person against his will or "intentionally causes bodily harm to another person," Fla. Stat. § 784.03, to determine if the offense qualifies as a violent felony under the ACCA. *Johnson*, ___ U.S. at ___, 130 S. Ct. at 1268–69. The Court looked to the Florida Supreme Court's determination of the elements of a battery offense and noted that battery under Florida law is satisfied by any intentional physical contact, "no matter how slight." *Id.* at 1269–70 (quoting *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007)). The Court applied the substantive elements of the criminal offense in determining whether a felony conviction for battery under Florida "has as an element the use, attempted use, or threatened use of physical force," § 924(e)(2)(B)(i), to qualify under the ACCA. *Id.*

The Court noted that the question of what constitutes "physical force" as used in the ACCA is a question of federal law. *Id.* at 1269. The ACCA does not define "physical force," and the Court stated that in general parlance, the word means "strength or energy; active power; vigor; often an unusual degree of strength or energy." *Id.* at 1270 (internal quotation marks and alteration omitted). Noting that the definition of "force" includes "power, violence, or pressure directed against a person or thing," and "physical force" includes "force consisting

8

in a physical act," the Court found that all the definitions "suggest a degree of power that would not be satisfied by the merest touching." *Id.* (quoting Black's Law Dictionary 717 (9th ed. 2009)). Further, the Court rejected the established common-law meaning of "force," which included even the slightest offensive touching, because its meaning did not fit the statutory context. *Id.*

The Court reasoned that because "context determines meaning," the phrase "physical force" as used in the statutory definition of violent felony "means *violent force* – that is, force capable of causing physical pain or injury to another person." *Id.* at 1270–71. The word "violent" connotes "a substantial degree of force," and the implication of "strong physical force" is made even more pellucid by its attachment to the word "felony." *Id.* at 1271. "[T]he term 'physical force' itself normally connotes force strong enough to constitute 'power'–and all the more so when it is contained in a definition of 'violent felony.'" *Id.* at 1272. Thus, the Court concluded that battery under Florida law did not satisfy the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(i). *Id.* at 1270–73.[2]

E. *Application*

---

[2] The Court did not discuss whether the Florida battery offense satisfied the ACCA under subsection (ii) because the government did not argue that the offense qualified under the residual clause. *Id.* at 1272, 1274. *See also United States v. Oner*, 382 F. App'x 893, 896 n.4 (11th Cir. 2010) (stating that *Johnson* has no impact on the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii)).

9

For this court to uphold Owens's sentence, we would have to conclude that *Ivory*'s holding—that Alabama's second degree rape statute "inherently poses a serious potential risk of physical injury to another" and consequently "qualifies as a crime of violence under § 4B1.2(a)(2)"—comports with the *Johnson* Court's definition of "violent felony" under the ACCA. We would be intellectually dishonest if we decided that in the affirmative. As the Court stated in *Johnson*, a crime must have as an element the use of physical force against the person of another and that physical force in the context of the ACCA means violent force. *Johnson*, 130 S. Ct. at 1271.

The Alabama second degree rape statute and the second degree sodomy statute do not require, as an element, the use of violent physical force against the victim, as evidenced by the statute's use of the words "forcible compulsion" in both the first degree rape statute and the first degree sodomy statute. *See* Ala. Code §§ 13A-6-61, 13A-6-63; *see also Beavers v. State*, 511 So. 2d 951, 954 (Ala. Crim. App. 1987) (stating that the appellant was charged with "forcible compulsion" but if "the jury concluded that no forcible compulsion existed then, under the evidence, it would have been authorized to convict the appellant of second degree rape"); *R.W.L. v. State*, 706 So. 2d 1314, 1316 n.2 (Ala. Crim. App. 1997) (noting that "sodomy in the first degree requires proof that the victim is less than 12 years old . . . or [was] subjected to the

act by forcible compulsion"). On the contrary, the second degree rape statute requires the act of sexual intercourse, which requires only slight penetration, with a non-consenting victim, due to age or mental incapacity. *See* Ala. Code §§ 13A-6-60(1), 13A-6-62. Although this act requires physical contact, it does not require, as an element, strong physical force or a substantial degree of force. *See Johnson*, ___ U.S. at ___,130 S. Ct. at 1265.

Thus our pronouncement in *Ivory* that the exertion of "at least some level" of physical force is enough to render second degree rape a violent felony under the ACCA, *Ivory*, 475 F.3d at 1236, is too broad and is out of sync with *Johnson*. The kind of physical force required for a qualifying violent felony under the ACCA is not satisfied by the merest touching, or in this case, the slightest penetration. *See Johnson*, ___ U.S. at ___,130 S. Ct. at 1270. To be convicted under the second degree rape statute, the government need only show that the offender is 16 years old or older and engaged in sexual intercourse with a person of the opposite sex who is between the ages of 12 and 16, without legal capacity to consent. *See* Ala. Code § 13A-6-62. The government is not required to show forcible compulsion as an element to prove second degree rape. *See id.* The same applies with the second degree sodomy offense. *See* Ala. Code § 13A-6-64. Violent force is not an element of either offense. Thus, after examining the elements of the Alabama offenses of

second degree rape and second degree sodomy and applying the *Johnson* Court's definition of physical force as stated in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), we hold that neither offense has as an element the violent physical force necessary to qualify as a violent felony under the ACCA.

Furthermore, it is obvious that neither offense is among the specific offenses listed in clause (ii). Thus, we are left with a determination of whether the second degree rape and second degree sodomy offenses qualify as violent felonies under the residual clause contained in § 924(e)(2)(B)(ii), which defines 'violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The question is whether Alabama's second degree rape and second degree sodomy offenses fall within this provision because, as a categorical matter, they present a serious potential risk of physical injury to another. *Sykes v. United States*, ___ U.S. ___, 131 S. Ct. 2267, 2273 (2011). "For instance, a crime involves the requisite risk [of physical injury] when 'the risk posed by the crime in question is comparable to that posed by its closest analog among the enumerated offenses.'" *Id.* (quoting *James v. United States*, 550 U.S. 192, 203, 127 S. Ct. 1586, 1594 (2007)).

Even conceding that these offenses meet one part of the test of the residual clause because they pose a serious potential risk of physical injury to the victim, we

12

cannot conclude that the offenses meet the other part of the test. These offenses are not "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, and crimes involving the use of explosives. *See Begay*, 553 U.S. at 143, 128 S. Ct. at 1585. The *Begay* Court stated that these enumerated crimes are "associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior in a way that [strict liability crimes] are not." *Id.* at 148, 128 S. Ct. at 1588.

The second degree rape statute under Alabama law supplants and is "substantially the same" as the former statutory rape offense. *See* Ala. Code § 13A-6-62, *cmts*. It is a strict liability offense because it contains no *mens rea* requirement and consent is not a defense. *See id.* Consent is also not a defense to the offense of second degree sodomy. *See* Ala. Code § 13A-6-64, *cmts*. Because these offenses under Alabama law impose strict liability, we cannot hold that a violation of either of them involves "purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 144–45, 128 S. Ct. at 1586. *See also Harris*, 608 F.3d at 1233 (finding Florida's sexual battery statute is not a crime of violence under the ACCA). Accordingly, neither second degree rape nor second degree sodomy under Alabama law qualifies as a violent felony under the residual clause of the ACCA because they are not "similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, and

13

crimes involving the use of explosives. *Begay*, 553 U.S. at 143, 128 S. Ct. at 1585; 18 U.S.C. § 924(e)(2)(B)(ii).

## IV. CONCLUSION

The district court erred in enhancing Owens's sentence under the ACCA. The state convictions for rape in the second degree and sodomy in the second degree are not violent felonies under the elements clause of 18 U.S.C. § 924(e)(2)(b)(i) because they do not have as an element the use of violent physical force. The offenses are also not violent felonies under the residual clause of the ACCA because, under the categorical approach, they impose strict liability, and we cannot say that a violation of either typically involves "purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 144–45, 128 S. Ct. at 1586. Accordingly, we vacate Owens's sentence and remand this case to the district court for resentencing.

**VACATED** and **REMANDED**.