[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10016
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61388-BB,
0:15-cr-60005-BB-1

ASAZUH MOBLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2017)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Asazuh Mobley appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.  The district court granted a certificate of appealability as to:

> Whether the district court erred by denying Mr. Mobley's motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, alleging that he was actually innocent of violating 18 U.S.C. § 924(c) after *Johnson v. United States*, 135 S. Ct. 2551 (2015), where the underlying offense, Conspiracy to commit Hobbs Act robbery, is not a crime of violence as required by § 924(c).

In a proceeding on a motion to vacate, set aside, or correct sentence, the district court's factual findings are reviewed for clear error while legal issues are reviewed *de novo*.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which imposes heightened prison sentences for certain defendants with three prior convictions for either violent felonies or serious drug offenses, defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because it created uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony.  *Johnson*, 135 S. Ct. at 2557-58, 2563.  *Johnson* did not affect any of the ACCA's other provisions.  *Id.* at 2563.  On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257 (2016).

Distinct from the provision in § 924(e), § 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime.  18 U.S.C. § 924(c)(1).  For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

3

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3)(A), (B).

We recently addressed *Johnson*'s effect on § 924(c)(3)(B), which we stated is better understood as a "risk-of-force" clause than a residual clause.  *Ovalles v. United States*, 861 F.3d 1257, 1263 (11th Cir. 2017).  We determined that *Johnson*'s void-for-vagueness ruling does not extend to § 924(c)(3)(B), because the risk-of-force clause in § 924(c)(3)(B) has a distinct purpose of punishing firearm use in connection with a specific crime rather than recidivism, has not caused the same difficulty in interpretation, does not encompass risks arising after the offense is completed, and lacks the confusing comparison to enumerated offenses.  *Id.* at 1265-67.

Here, Mobley's claim is foreclosed by *Ovalles*, which concluded that *Johnson* does not apply to § 924(c)(3)(B).[1]

**AFFIRMED.**

---

[1]    To the extent that Mobley argues that Conspiracy to commit Hobbs Act Robbery does not fall under the definition set forth in § 924(c)(3)(B), we review that argument for plain error because it was not raised below.  This requires a defendant to show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1275–76 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1276. An error is plain if controlling precedent from the Supreme Court or our Court establishes that an error has occurred. *United States v. Lejarde–Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).  Mobley has not pointed to any precedent from either court that holds that conspiracy to commit Hobbs Act robbery does not fall under the definition set forth in § 924(c)(3)(B) and thus we reject his argument.