[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14922
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-00063-DHB-BKE; 1:06-cr-00108-DHB-BKE-1


NATHAN JONES,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 22, 2017)

Before TJOFLAT, HULL and NEWSOM, Circuit Judges.

PER CURIAM:

Nathan Jones, proceeding pro se, appeals from the district court's dismissal

of his 28 U.S.C. § 2255 motion to vacate his sentence.  We granted a certificate of

appealability on the issue of whether the district court erred in dismissing Jones's

§ 2255 motion on the ground that Johnson v. United States, 576 U.S. ___, 135 S.

Ct. 2551 (2015), does not apply to the Sentencing Guidelines in light of then-

pending Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886 (2017).  After

review, we affirm.

## I.  BACKGROUND

Pursuant to a written plea agreement in 2006, Jones pled guilty to one count

of bank robbery, in violation of 18 U.S.C. § 2113(a).

The presentence investigation report ("PSR") listed Jones's prior felony

convictions, including: (1) 1992 Massachusetts convictions for assault with a

dangerous weapon and armed robbery; (2) 1992 Massachusetts convictions for

possession with intent to distribute cocaine and conspiracy to possess with intent to

distribute cocaine; (3) 1994 Massachusetts convictions for possession with intent

to distribute heroin and possession with intent to distribute cocaine; (4) a 2002

Massachusetts conviction for assault and battery; (5) a 2002 Massachusetts

conviction for domestic assault and battery; (6) a 2005 Georgia conviction for

burglary.

The PSR applied a career-offender enhancement under U.S.S.G. § 4B1.1

because Jones had prior convictions for crimes of violence and serious drug

offenses, which increased his offense level from 19 to 32.  After a three-level

reduction for acceptance of responsibility, Jones had a total offense level of 29. Based on a total offense level of 29 and a criminal history category of VI, Jones's advisory guidelines range was 151 to 188 months' imprisonment.

On April 30, 2007, the district court sentenced Jones to 151 months' imprisonment. Jones did not file an appeal.

## II.  DISCUSSION

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).[1]

On May 12, 2016, Jones filed a § 2255 motion challenging his sentence based on Johnson.

Johnson involved the Armed Career Criminal Act ("ACCA"), which imposes heightened prison sentences for certain defendants with three prior convictions for either violent felonies or serious drug offenses.  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

---

[1]In a proceeding on a § 2255 motion to vacate, set aside, or correct sentence, the district court's factual findings are reviewed for clear error, and legal issues are reviewed de novo.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  A party seeking to raise a claim or issue on appeal must plainly and prominently discuss it.  Brown v. United States, 720 F.3d 1316, 1332 (11th Cir. 2013).

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

In Johnson, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague because it created uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. Johnson, 135 S. Ct. at 2557-58, 2563.  The Supreme Court stated that Johnson did not affect any of the ACCA's other provisions.  Id. at 2563.  On April 18, 2016, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).  We first conclude that Jones's sentence was not enhanced by the ACCA.  Thus, we examine only Jones's claim that Johnson invalidates his career-offender enhancement under the Guidelines.

At the time of Jones's sentencing, the Sentencing Guidelines classified a defendant as a career offender if he: (1) was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction was either a crime of violence

or a controlled-substance offense; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance offense. U.S.S.G. § 4B1.1(a) (2006).  The Guidelines defined "crime of violence" as any offense under federal or state law that was punishable by imprisonment for more than one year and:

> (1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2006).

In September 2015, this Court determined that the Guidelines could not be void for vagueness and that Johnson's holding therefore did not apply to career-offender enhancements under the advisory Guidelines.  United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015).  In March 2017, the Supreme Court held that the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause and that the residual clause in § 4B1.2(a)(2) thus is not void for vagueness.  Beckles, 137 S. Ct. at 895.

On the merits, Jones's Johnson claim challenging the career-offender enhancement to his sentence under the advisory Guidelines is foreclosed by Beckles and Matchett.  Accordingly, we affirm the district court's dismissal of Jones's § 2255 motion to vacate his sentence.

5

**AFFIRMED.**