[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12861
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00256-WS-N-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY JAMAIL MITCHELL,
a.k.a. Nose,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 13, 2018)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Larry Jamail Mitchell appeals his 180-month sentence for one count of

unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), contending

that  his conviction under Alabama's second-degree assault statute does not qualify as a predicate felony under the Armed Career Criminal Act ("ACCA").  After careful review, we affirm.

We review de novo the district court's determination that a defendant's prior conviction qualifies as a violent felony under the ACCA.  United States v. Gundy, 842 F.3d 1156, 1160 (11th Cir. 2016), cert. denied, 138 S. Ct. 66 (2017).

The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm and who has 3 previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The government bears the burden of proving that a sentencing enhancement under the ACCA is warranted.  United States v. Lee, 586 F.3d 859, 866 (11th Cir. 2009).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  United States

2

v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  Under the elements clause, "the phrase 'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person."  Johnson v. United States, 559 U.S. 133, 140 (2010) (hereinafter, "Curtis Johnson").

The Supreme Court has recently held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. Johnson v. United States, 135 S. Ct. 2551, 2557-58, 2563 (2015) (hereinafter, "Samuel Johnson").  The Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony.  Id.

To determine whether a prior conviction qualifies under the elements clause, we employ a "categorical approach" and compare the elements of the statute forming the basis of the defendant's conviction and the elements of the generic offense.  Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).  If the statute necessarily requires the government to prove as an element of the offense the use, attempted use, or threatened use of physical force, then the offense categorically qualifies as a violent felony.  United States v. Davis, 875 F.3d 592, 596 (11th Cir. 2017).  Under the categorical approach, we must presume that a conviction rested

3

upon nothing more than the least of the acts criminalized.  United States v. Estrella, 758 F.3d 1239, 1254 (11th Cir. 2014).

The Supreme Court has also adopted a "modified categorical approach" for a sentencing court to use to decide whether an ACCA enhancement applies when the defendant pleaded guilty to a divisible statute -- i.e., a statute that sets out one or more elements of the offense in the alternative.  Descamps, 133 S. Ct. at 2281.  A statute is not divisible if it merely lists diverse means of satisfying a single element of a single crime, in which case a jury need not find any particular item.  Mathis v. United States, 136 S. Ct. 2243, 2249 (2016).  The central distinction is between alternative elements of a crime and alternative facts.  Id. at 2248.  In examining whether a statute contains alternative elements, a court may look at state court decisions, the statute itself, the indictment, and jury instructions.  Id. at 2256-57.

To determine the nature of a prior conviction under the modified categorical approach, a court is limited to considering the statutory definition of the offense of the conviction, the charging document, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.  Shepard v. United States, 544 U.S. 13, 16 (2005).  A court also may consider undisputed facts found in the presentence investigation report ("PSI") and any addendum.  United States v. Ramirez-Flores, 743 F.3d 816, 823 (11th Cir. 2016); United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006).

4

Alabama's second-degree assault statute provides that the crime is committed if one does "any" of the following: (1) intentionally causes "serious physical injury to any person"; (2) intentionally causes physical injury to any person by means of "a deadly weapon or a dangerous instrument"; (3) recklessly causes "serious physical injury to another person by means of a deadly weapon or a dangerous instrument"; (4) causes physical injury with intent to prevent a peace officer from performing a lawful duty; (5) intentionally causes physical injury to a teacher or educator performing his or her duty; (6) intentionally causes physical injury to various health care workers; or (7) for purposes other than lawful medical treatment, intentionally causes physical or mental impairment or injury by administering, without consent, a substance capable of producing the intended harm.  Ala. Code § 13A-6-21.  Alabama law defines a dangerous instrument as "[a]ny instrument, article, or substance which, under the circumstances in which it is used . . . is highly capable of causing death or serious physical injury."  Ala. Code § 13A-1-2(5).

As an initial matter, Alabama's second-degree assault statute is divisible because the statute, on its face, sets out elements in the alternative.  See Ala. Code § 13A-6-21; Descamps, 133 S. Ct. at 2281; see also Davis, 875 F.3d at 598 (holding that Alabama's first-degree sexual abuse statute was divisible because, on its face, the statute listed two different crimes).  Because Alabama's second-degree

5

assault statute is divisible, we apply the modified categorical approach to determine which crime Mitchell was convicted of committing, and can look to his Shepard documents. See Descamps, 133 S. Ct. at 2284-85; Shepard, 544 U.S. at 16; Davis, 875 F.3d at 597-98. Based on the indictment, which was quoted in the addendum to the PSI and not objected to by Mitchell, he was convicted under Ala. Code § 13A-6-21(a)(2) -- he intentionally caused physical injury with a deadly weapon, by shooting the victim in the head with a gun. See Ramirez-Flores, 743 F.3d at 823; Bennett, 472 F.3d at 833. Under (a)(2), one commits second-degree assault by "means" of a deadly weapon or dangerous instrument, see Ala. Code § 13A-6-21(a)(2), and because that is the only means of committing second-degree assault found in (a)(2), it is not further divisible. See Mathis, 136 S. Ct. at 2249.

A conviction under § 13A-6-21(a)(2), for the least of the acts criminalized, requires the use of a dangerous instrument. See Estrella, 758 F.3d at 1254. Because a dangerous instrument, under Alabama law, need be "highly capable of causing death or serious physical injury," conviction under § 13A-6-21(a)(2) necessarily requires the proof of the use of physical force, as required under the elements clause. See Ala. Code § 13A-1-2(5); Curtis Johnson, 559 U.S. at 140. As a result, a conviction under § 13A-6-21(a)(2) qualifies as a violent felony. Davis, 875 F.3d at 597. And because Mitchell has three qualifying convictions, the

6

district court did not err in concluding that the ACCA enhancement applied to him.[1]

**AFFIRMED**.

---

[1] Mitchell argues that Alabama's second-degree assault statute is overbroad, but that argument appears to be premised on a conclusion that the statute is indivisible, since he cites to all provisions of the statute.  As for his reliance on <u>United States v. Castleman</u>, 134 S. Ct. 1405 (2014), that case is inapplicable because the portion of the statute at issue here does not concern any indirect means of applying force.  <u>See</u> 134 S. Ct. at 1415; Ala. Code § 13A-6-21(a)(2).