[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-13448
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-22372-JLK,
1:09-cr-20602-JLK-1

WILLIE WALKER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(March 19, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Willie Walker appeals the denial of his second motion to vacate his sentence. 28 U.S.C. § 2255. Walker argued that he lacked sufficient predicate offenses to be sentenced as an armed career criminal because, in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions in 1982, 1985, and 1986 for robbery did not qualify as "violent felon[ies]," 18 U.S.C. § 924(e)(2)(B). The district court ruled that Walker's argument was foreclosed by *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016). We affirm.

The district court correctly denied Walker's motion to vacate. *Fritts* controls this appeal. Walker's prior convictions in Florida for robbery, Fla. Stat. § 812.13, qualify categorically as violent felonies under the elements clause of the Armed Career Criminal Act. *See Fritts*, 841 F.3d at 939–42 (discussing *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006), and *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011)); *United States v. Seabrooks*, 839 F.3d 1326, 1338–45 (11th Cir. 2016). *Fritts* "is the law of this Circuit[ and] . . . bind[s] all subsequent panels unless and until the . . . holding is overruled by the Court sitting en banc or by the Supreme Court." *Seabrooks*, 839 F.3d at 1341 (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)).

We **AFFIRM** the denial of Walker's second motion to vacate.

MARTIN, Circuit Judge, joined by JILL PRYOR, Circuit Judge, concurring in judgment:

The majority is quite right that our circuit precedent dictates that Mr. Walker's previous robbery convictions under Florida Statute § 812.13 qualify as violent felonies as that term is defined by the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  See United States v. Fritts, 841 F.3d 937, 943–44 (11th Cir. 2016).  However, I continue to believe that Fritts was wrongly decided.  In particular, the Fritts panel failed to give proper deference to McCloud v. State, 335 So. 2d 257 (Fla. 1976), the controlling Florida Supreme Court case interpreting § 812.13 at the time Mr. Walker was convicted under that statute.   In McCloud, Florida's highest court held that taking by "[a]ny degree of force" was sufficient to justify a robbery conviction.  Id. at 258–59 (emphasis added).  Under McCloud, a defendant could therefore be convicted of Florida robbery without using, attempting to use, or threatening to use "violent force," Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010), or a "substantial degree of force," United States v. Owens, 672 F.3d 966, 971 (11th Cir. 2012), as necessary to qualify as a violent felony under ACCA.

To support Mr. Walker's ACCA sentence, the government relies in part on three robberies Mr. Walker was convicted of committing over 30 years ago.  All three convictions—one in 1982, one in 1985, and one in 1986—were controlled by the Florida Supreme Court's definition of robbery in McCloud.  Because Mr.

3

Walker could have been convicted of those crimes for using any degree of force, not just violent or substantial force, they should not qualify as violent felonies for purposes of Mr. Walker's ACCA sentence.

What must be difficult for Mr. Walker to make sense of is that the District Court initially got his case right.  On October 24, 2016, the District Court issued an order granting Mr. Walker's motion to vacate his sentence.  In reaching this result, that court noted that "robbery-by-sudden-snatching, which does not require the use of force or placing a victim in apprehension of the use of force, was prosecuted under section 812.13 until as late as 1997."  Because Mr. Walker's convictions could have been for robbery-by-sudden-snatching, the District Court concluded they did not categorically qualify as predicate offenses to support an ACCA enhancement and vacated Mr. Walker's sentence.  But just two weeks after the District Court issued its order and before Mr. Walker had been resentenced, a panel of this Court issued Fritts, which concluded, in spite of McCloud, that "the § 812.13 robbery statute has never included a theft or taking by mere snatching." 841 F.3d at 942.  Relying on Fritts, the government filed a motion for reconsideration, which the District Court granted, reinstating Mr. Walker's ACCA sentence.

The Bureau of Prisons now estimates that Mr. Walker will be released from prison in 2023.  If Mr. Walker's resentencing had been finalized before Fritts was

4

published, or if the <u>Fritts</u> panel had gone the way of the only other circuit to have considered this issue in a published decision, there is a good chance Mr. Walker would now be out of prison.   But instead, Mr. Walker's sentence will continue for another five years.  I hope our Court or the Supreme Court recognizes the error in <u>Fritts</u> in time to grant Mr. Walker some form of relief.