[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11531
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22647-MGC; 1:10-cr-20855-MGC-4

EMILE MYRTHIL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 3, 2018)

Before MARCUS, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Federal prisoner Emile Myrthil appeals the district court's dismissal of his second motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  We affirm.

## I. BACKGROUND

Myrthil pled guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), attempted Hobbs Act robbery, also in violation of § 1951(a), and possession of a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  The "crimes of violence" that supported Myrthil's § 924(c) conviction were his convictions for conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery.  Myrthil received a 151-month total sentence of imprisonment.

Myrthil filed his first § 2255 motion in 2013; the district court denied it on the merits.  In 2016, he filed the instant second or successive § 2255 motion with our authorization, arguing that he was actually innocent of his § 924(c) conviction. He contended that § 924(c)(3)(B)'s "risk-of-force" clause was void for vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and, further, that his convictions for conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery were not appropriate § 924(c) companion convictions because they were not categorically "crimes of violence" under § 924(c)(3)(A)'s "use-of-force" clause.  The district court denied Myrthil's § 2255 motion on the merits, based on

2

its finding that Myrthil's conviction for attempted Hobbs Act robbery was a valid "crime of violence" companion conviction under § 924(c)(3)(A)'s "use-of-force" clause. The district court also denied Myrthil a certificate of appealability ("COA").

Myrthil appealed; we granted him a COA on the following two issues:

> (1) Whether Myrthil's conviction for attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, qualifies as a crime of violence necessary to support his 18 U.S.C. § 924(c) conviction, in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015).

> (2) Whether Myrthil's conviction for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, qualifies as a crime of violence necessary to support his 18 U.S.C. § 924(c) conviction, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On appeal, Myrthil argues that § 924(c)'s "risk-of-force" clause is void for vagueness for the same reasons that led the Supreme Court to declare in *Johnson* that § 924(e)'s similar "residual" clause was unconstitutionally vague. Therefore, he contends that, absent § 924(c)'s "risk-of-force" clause, his § 924(c) conviction can stand only if his convictions for attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery qualify as "crimes of violence" under § 924(c)'s "use-of-force" clause. He argues that those convictions are not categorically "crimes of violence" necessary to support his § 924(c) conviction.

3

## II. DISCUSSION

In reviewing a § 2255 proceeding, we review legal conclusions de novo and factual findings for clear error. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Under the Armed Career Criminal Act ("ACCA"), a defendant convicted of being a felon in possession of a firearm who has 3 or more prior convictions for a "serious drug offense" or "violent felony" faces a mandatory minimum 15-year sentence. *See* 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B)(i), (ii).

The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" clause, and finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). In 2015, the Supreme Court, in *Johnson v. United States*, struck down the ACCA's "residual" clause as unconstitutionally vague. 135 S. Ct. 2551 (2015). The Court clarified, in holding that the "residual" clause was void, that it did not call into question the application of the "elements" and "enumerated

4

offense" clauses of the ACCA's definition of a violent felony. *Id.* at 2563. In 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Distinct from the provision in § 924(e), § 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a "crime of violence" or a "drug-trafficking crime." 18 U.S.C. § 924(c)(1). A conviction and sentence under § 924(c) requires only one companion conviction, not two. *See* § 924(c)(1)(A). For purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A), (B). The first prong of the definition is referred to as the "use-of-force" clause; the second prong is referred to as the "risk-of-force" or "residual" clause. *Ovalles v. United States*, 861 F.3d 1257, 1263 (11th Cir. 2017).

In *Ovalles*, we held that the Supreme Court's decision in *Johnson* did not invalidate § 924(c)(3)(B)'s "risk-of-force" clause. *Id.* at 1267. We affirmed the denial of a defendant's § 2255 motion to vacate her conviction and sentence for

5

using and carrying a firearm during and in relation to a crime of violence, namely, attempted carjacking, in violation of 18 U.S.C. § 2119. *Id.* at 1258-60. We determined that *Johnson*'s void-for-vagueness ruling did not extend to § 924(c)(3)(B), because the "risk-of-force" clause in § 924(c)(3)(B) had a distinct purpose of punishing firearm use in connection with a specific crime rather than recidivism, had not caused the same difficulty in interpretation, did not encompass risks arising after the offense is completed, and lacked the confusing enumerated offenses. *Id.* at 1265-66. Accordingly, because Ovalles had never argued that her attempted-carjacking offense would not qualify as a crime of violence under the "risk-of-force" clause if that clause were constitutionally valid, we determined that her conviction for attempted carjacking qualified as a "crime of violence" under § 924(c)(3)(B). *Id.* at 1267.

Most recently, we held that a conviction for Hobbs Act robbery was a valid § 924(c) companion conviction because it qualified as a "crime of violence" under both of the clauses of § 924(c)(3). *United States v. St. Hubert*, 883 F.3d 1319, 1328-29 (11th Cir. 2018). We also held that a conviction for attempted Hobbs Act robbery is categorically a "crime of violence" under § 924(c)(3)(A)'s "use-of-force clause." *Id.* at 1334.

Here, the district court did not err in denying Myrthil's § 2255 motion, as *Ovalles* holds that *Johnson* did not invalidate § 924(c)(3)(B)'s "risk-of-force"

6

clause. *Ovalles*, 861 F.3d at 1259. Therefore, Myrthil's conviction and sentence under § 924(c) are still valid following *Johnson*, and his claim is foreclosed by Circuit precedent.

Additionally, even assuming that *Johnson* invalidated § 924(c)(3)(B)'s "risk-of-force" clause, Myrthil's § 924(c) conviction and sentence is still valid because his conviction for attempted Hobbs Act robbery still qualifies as a "crime of violence" companion conviction under § 924(c)(3)(A)'s "use-of-force" clause. *St. Hubert*, 883 F.3d at 1334. That conclusion also means that we need not consider whether Myrthil's conviction for conspiracy to commit Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A) or (B), because a conviction and sentence under § 924(c) requires only one companion conviction, not two. *See* § 924(c)(1)(A).

**AFFIRMED.**