[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13508
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-60929-WPD,
0:14-cr-30277-WPD-2

DANNY HERRERA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2019)

Before WILSON, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Danny Herrera pleaded guilty to possession of a firearm during a crime of

violence or drug-trafficking crime under 18 U.S.C. § 924(c), which was premised

on conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951.  He now appeals the district court's denial of his motion to vacate his 60-month sentence under 28 U.S.C. § 2255.  Herrera argues that the district court erred in concluding that the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), did not affect Herrera's conviction under 18 U.S.C. § 924(c).  The government responds that Herrera's appeal is barred by the sentence-appeal waiver in Herrera's plea agreement, and alternatively, that Herrera's conviction is unaffected by *Johnson*.  After careful review, we affirm.

I.

We review the validity of a sentence-appeal waiver de novo.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  Plea agreements "are like contracts," and "[a]bsent some indication that the parties intended otherwise," the language of the agreement is given its "ordinary and natural meaning."  *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005).  Any ambiguities in the agreement are resolved in favor of the defendant.  *United States v. Jeffries*, 908 F.2d 1520, 1523 (11th Cir. 1990).  The plain language of Herrera's sentence-appeal waiver did not include his right to collaterally attack his conviction and sentence using 28 U.S.C. § 2255.  As a result, the waiver does not foreclose this collateral challenge to his conviction or sentence.  *Cf. Williams v. United States*,

396 F.3d 1340, 1341–42 (11th Cir. 2005) (holding that sentence-appeal waiver applied to the defendant's § 2255 claim at sentencing because the waiver expressly included the defendant's right to collaterally attack his sentence).

## II.

In an appeal challenging the district court's resolution of a § 2255 motion, we review factual findings for clear error and legal issues de novo. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Herrera argues that the district court erred in concluding that his conviction under 18 U.S.C. § 924(c) is unaffected by the Supreme Court's ruling in *Johnson*. *Johnson* involved the Armed Career Criminal Act (ACCA), which imposes a heightened sentence on a defendant with three prior convictions for either "a violent felony or serious drug offense." *See Johnson*, 135 S. Ct. at 2557–58; 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime, punishable by a term of imprisonment exceeding one year, that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).  The first prong is the "elements clause."  *See United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The second prong contains the "enumerated crimes" clause and the "residual clause."  *See id.*

In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague.  *See* 135 S. Ct. at 2557–58, 2563.  Separate from § 924(e)'s residual clause at issue in *Johnson*, Herrera was convicted under § 924(c), which imposes a mandatory consecutive sentence for a defendant who uses a firearm during a "crime of violence" or "drug trafficking crime."  18 U.S.C. § 924(c)(1).  Section 924(c)(3) defines a "crime of violence" as any crime, punishable by a term of imprisonment exceeding one year, that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In this Court's recent en banc decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc), we held that § 924(c)(3)(B)'s residual clause is not unconstitutionally vague so long as the statute is interpreted to embody a conduct-based approach that accounts for the actual, real-world facts of the companion offense's commission, as opposed to the categorical approach.  *Id.* at 1253.  Herrera concedes that conspiracy to commit Hobbs Act robbery is a crime

of violence under § 924(c)(3)(B).  *See United States v. St. Hubert*, 883 F.3d 1319, 1327–28 (11th Cir. 2018).

Moreover, under *Ovalles*' conduct-based approach, Herrera committed a crime of violence.  Herrera signed a written factual proffer in which he admitted to conspiring to commit a home invasion robbery.  The factual proffer also contained details of the items uncovered after a search of the defendants and their vehicle, including two loaded guns, ammunition, a ski mask, and zip ties.  Like in *Ovalles*, "[e]specially when layered on top of [Herrera's] own admission to the overtly violent charge" of conspiracy to commit Hobbs Act robbery and his concession on appeal, the government's factual proffer leads to the conclusion that Herrera committed a "crime of violence" within the meaning of § 924(c)(3)(B).  Herrera's argument that *Johnson* affects his conviction is thus foreclosed by *Ovalles*.

**AFFIRMED.**