[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11662
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00034-TJC-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SHAMAR MCCAIN,
Custody,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 30, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2014, Christopher McCain pleaded guilty to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1915(a) ("counts 1 and 3"), and two counts of brandishing a firearm in furtherance of a "crime of violence," namely, the Hobbs Act robbery offenses charged in counts 1 and 3, in violation of 18 U.S.C. § 924(c) ("counts 2 and 4").  The district court sentenced him to a total of 385 months' imprisonment, consisting of one month on each of counts 1 and 3, set to run concurrently with each other, followed by 84 months' imprisonment as to count 2, set to run consecutive to all other sentences, and 300 months' imprisonment as to count 4, also set to run consecutive to all other sentences.

On appeal, McCain argues that his § 924(c) convictions in counts 2 and 4 are invalid, because: (1) § 924(c)(3)(B)'s "residual clause" is unconstitutionally vague; and (2) his two companion convictions for Hobbs Act robbery do not qualify as "crime of violence" predicates under § 924(c)(3)(A)'s "elements clause."

Generally, we review *de novo* whether a particular offense is a "crime of violence" under 18 U.S.C. § 924(c).  *United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019).  However, when a defendant fails to object to a sentencing error before the district court, we review for plain error.  *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009). Under plain-error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is

plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted). To be plain, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (11th Cir. 2009). And "[i]t is the law of this [C]ircuit that, at least where the explicit language of a statue or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Moreover, under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Under the Armed Career Criminal Act ("ACCA"), a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) who has three or more prior convictions for a "violent felony" faces a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has *as an element* the use, attempted use, or threatened use of physical force against the person of another; *or*
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

3

*Id*. § 924(e)(2)(B) (emphasis added).  The first prong of this definition is referred to as the "elements clause," the first part of the second prong contains the "enumerated crimes clause," and the latter part of the second prong contains the "residual clause."  *See United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court struck down as unconstitutionally vague the ACCA's residual clause.  *Id*. at 2555-58, 2563 (2015).  The Court held that the requirement for courts to apply the "imprecise 'serious potential risk' standard" in the "residual clause" to the "judicially imagined 'ordinary case'" of a crime, utilizing the categorical approach, resulted in indeterminacy that "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."  *Id.* at 2557-58, 2563.  Thereafter, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 1268 (2016).

More recently, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court reviewed the Board of Immigration Appeals's determination that California convictions for first-degree burglary were "crimes of violence," as defined in 18 U.S.C. § 16(b), thereby rendering an alien removable for having been convicted of an aggravated felony.  *Id*. at 1211.  In contrast to the language of the ACCA that was invalidated in *Johnson*, the "residual clause" in § 16(b), which had been

incorporated into the Immigration and Nationality Act, defined a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* (quoting 18 U.S.C. § 16(b)). Discounting the "textual discrepancies" between the statutory language of the ACCA and § 16(b), the Court in *Dimaya* struck down § 16(b)'s "residual clause," repeatedly stating that a "straightforward application" of the *Johnson* decision to § 16(b) demonstrated that it also was void for vagueness. *Id.* at 1210, 1213-16, 1218-23. The Court explained that, because § 16(b) possessed the same two "fatal feature[s]"—the ordinary-case requirement and an ill-defined risk threshold—as did the ACCA's residual clause, it likewise produced "more unpredictability and arbitrariness than the Due Process Clause tolerate[d]." *Id.* at 1213-16 (quotation marks omitted).

Distinct from the ACCA and § 16(b), 18 U.S.C. 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a "crime of violence" or a "drug-trafficking crime." 18 U.S.C. § 924(c)(1). For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves *a substantial risk that physical force*

5

> *against the person or property of another may be used in the course of committing the offense.*

*Id*. § 924(c)(3)(A), (B) (emphasis added).   Section 924(c)(3)(A) is referred to as the "elements clause," while § 924(c)(3)(B) is referred to as the "residual clause." *United States v. Davis*, No. 18-431, 2019 WL 2570623 at *3 (U.S. June 24, 2019).

Here, McCain's claim necessarily fails under the elements clause.  Our binding precedent holds that Hobbs Act robbery—the statute underlying both of McCain's predicate convictions—qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause.  *See St. Hubert*, 909 F.3d at 345-46.  As a result, McCain's convictions in counts 2 and 4 are valid despite the Supreme Court's recent holding that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *See Davis*, 2019 WL 2570623 at *13.  Accordingly we affirm his convictions.

**AFFIRMED.**