The appellant, Jesse James Watkins, was indicted for three counts of first-degree robbery. On April 16, 1992, pursuant to a negotiated agreement, he pled guilty to three counts of attempted first-degree robbery. The trial court sentenced him to serve concurrent terms of fifteen years in prison, but split the sentences and ordered him to serve three years followed by five years on probation. The appellant did not appeal his convictions. On August 12, 2005, he filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to accept his guilty pleas to attempted first-degree robbery because attempted first-degree robbery is not a lesser included offense of first-degree robbery. We addressed a similar argument in Casey v. State,925 So.2d 1005, 1006 (Ala.Crim.App. 2005), as follows:
 "Casey was originally indicted for robbery in the first degree, and on February 28, 1983, he pleaded guilty to attempted robbery in the first degree. He claims that the trial court had no jurisdiction to accept the plea because, he argues, the offense he was charged with and to which he pleaded guilty did not exist under Alabama law. In Petty v. State, 414 So.2d 182, 183 (Ala.Crim.App. 1982), this Court said:
 "`Because the definition of robbery has been enlarged and expanded by the new criminal code, "the former offense of assault with intent to rob has been merged into the present offense of robbery." [Marvin v. State, 407 So.2d 576, 579 (Ala.Crim.App. 1981).] For this same reason the former crime of attempted robbery now constitutes robbery. Section 13A-8-43(a) adds a definition that extends robbery to include conduct which occurs in an attempt to commit a theft or in flight after the attempt or commission. Section 13A-8-40(b).'
 "The State concedes that because Casey pleaded guilty to an offense that does not exist, his conviction is void and should be set aside. In Ex parte Wesley, 481 So.2d 1162, 1163 (Ala. 1985), the Alabama Supreme Court held that the State may reindict an appellant for the appropriate offense of robbery; in Ex parte Wesley, the appellant had previously been charged with robbery in the first degree, but that charge had been amended pursuant to a guilty-plea agreement to charge the non-existent offense of attempted robbery. Thus, while the first indictment was improper and void, the State could properly charge an offense established by the evidence."
In this case, the trial court did not have jurisdiction to render judgments and impose sentences against the appellant for attempted first-degree robbery. Therefore, his convictions and sentences in those *Page 345 
cases are void. However, the State may reindict the appellant for the appropriate offenses of first-degree robbery. SeeEx parte Wesley, supra; Casey, supra.[1]
Accordingly, we reverse the circuit court's judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] The State argues that the Alabama Supreme Court's holding in Ex parte Wesley is not applicable in this case. Specifically, it contends that the original indictments in these cases were not properly amended before the appellant entered his guilty pleas; that the original indictments are still valid; and that the State should not be required to reindict the appellant in these cases. However, the case action summary sheet in case number CC-92-469 contains the following entry:
 "In this case the defendant . . . entered a plea of guilty to an amended charge of Attempted Robbery, 1, under Count 1 and was adjudged guilty."
(C.R. 19.) Further, the case action summary sheet in case number CC-92-254 contains the following notation:
 "In this case the defendant . . . entered a plea of guilty to an amended charge of Attempted Robbery, 1, under Counts 1 and 2 and was adjudged guilty."
(C.R. 22.) Therefore, the record indicates that the first-degree robbery indictments against the appellant were amended to charge offenses that did not exist. Accordingly, this case is not materially distinguishable from Ex parteWesley, and the Alabama Supreme Court's holding in Exparte Wesley applies to this case.