Claude M. Conner appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his March 28, 1984, conviction, entered pursuant to a guilty plea, for attempted robbery in the first degree, and his resulting sentence of life imprisonment. Conner stated in his petition that he did not appeal.
Conner filed his petition on September 19, 2005. In his petition, Conner alleged that the trial court lacked jurisdiction to accept his guilty plea to attempted robbery because, he said, that offense does not exist under Alabama law. After receiving a response from the State, the circuit court summarily denied Conner's petition on January 12, 2006, finding that Conner's claim was not jurisdictional and, thus, it was subject to the procedural bars in Rule 32.2.
On appeal, Conner contends that the circuit court erred in summarily denying his petition on the ground that it was procedurally barred because, he says, his claim is jurisdictional. We agree. In Casey v. State,925 So.2d 1005 (Ala.Crim.App. 2005), this Court addressed a similar issue:
 "Casey was originally indicted for robbery in the first degree, and on February 28, 1983, he pleaded guilty to attempted robbery in the first degree. He claims that the trial court had no jurisdiction to accept the plea because, he argues, the offense he was charged with and to which he pleaded guilty did not exist under Alabama law. In Petty v. State, 414 So.2d 182, 183 (Ala.Crim.App. 1982), this Court said:
 "`Because the definition of robbery has been enlarged and expanded by the new criminal code, "the former offense of assault with intent to rob has been merged into the present offense of robbery." [Marvin v. State, 407 So.2d 576, 579 (Ala.Crim.App. 1981).] For this same reason the former crime of attempted robbery now constitutes robbery. Section 13A-8-43(a) adds a definition that extends robbery to include conduct which occurs in an attempt to commit a theft or in flight after the attempt or commission. Section 13A-8-40(b).'
 "The State concedes that because Casey pleaded guilty to an offense that does not exist, his conviction is void and should be set aside. In Ex parte Wesley, 481 So.2d 1162, 1163 (Ala. 1985), the Alabama Supreme Court held that the State may reindict an appellant for the appropriate offense of robbery; in Ex parte Wesley, the appellant had previously been charged with robbery in the first degree, but that charge had been amended pursuant to a guilty-plea agreement to charge the non-existent offense of attempted robbery. Thus, while the first indictment was improper and void, the State could properly charge an offense established by the evidence."
925 So.2d at 1006. See also Watkins v. State,941 So.2d 343 (Ala.Crim.App. 2006). Recently, in Ex parteSeymour, 946 So.2d 536 (Ala. 2006), the Alabama Supreme Court, in addressing a claim in a Rule 32 petition that an indictment was defective, explained subject-matter jurisdiction as follows:
 "Jurisdiction is `[a] court's power to decide a case or issue a decree.' Black's Law Dictionary
867 (8th ed.2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf[ v. McGaugh], 175 Ala. [299,] 303, 57 So. [754,] 755 [(1911)] (`"By jurisdiction over the subject-matter *Page 475 
is meant the nature of the cause of action and of the relief sought."' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (subject-matter jurisdiction refers to a court's `statutory or constitutional power' to adjudicate a case). In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.
 "Under the Alabama Constitution, a circuit court `shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const.1901. The Alabama Code provides that `[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions. . . .' § 12-11-30, Ala. Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala. Code 1975. As a result, the State's prosecution of Seymour for that offense was within the circuit court's subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case."
946 So.2d at 538. Since the effective date of the Alabama Criminal Code, January 1, 1980, attempted robbery is no longer considered a criminal offense, and a circuit court certainly has no jurisdiction to convict a defendant of an offense that does not exist under Alabama law. Therefore, the circuit court erred in finding that Conner's claim was not jurisdictional.
The State argues, however, that this Court may still affirm the circuit court's judgment because, it says, Conner failed to plead sufficient facts in his petition to affirmatively show a lack of jurisdiction on the part of the trial court, as required by Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P. See, e.g., Bracknell v. State, 883 So.2d 724, 728 n. 2 (Ala.Crim.App. 2003) ("[T]his Court will affirm a circuit court's judgment summarily denying a Rule 32 petition if it is correct for any reason."). Specifically, the State argues that Conner failed to allege the date the offense occurred and, thus, that he failed to allege sufficient facts indicating that he was convicted of an offense that did not exist at the time it was committed. Although we agree with the State that Conner did not specifically allege in his petition the date the attempted robbery occurred, he did attach to his petition a copy of the indictment, which charged:
 "The Grand Jury of said County charge that, before the finding of this indictment, Claude Mack Conner, whose name to the Grand Jury is otherwise unknown, did, with intent to commit the crime of Robbery, 1st. Degree (§ 13A-8-41 of the Code of Alabama) attempt to commit said offense by threatening the imminent use of force against the person of Clarence Cole, with the intent to compel acquiescence to the taking of or escaping with the property, while the said Claude Mack Conner was armed with a .22 caliber pistol, in violation of § 13A-4-2 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 14.) "It is well settled that the law in effect at the time of the commission of the offense controls the prosecution."Minnifield v. State, 941 So.2d 1000, 1001
(Ala.Crim.App. 2005). By charging Conner with violating §§13A-4-2 and 13A-8-41, Ala. Code 1975, both of which were *Page 476 
adopted with the Alabama Criminal Code, the indictment necessarily charged that the attempted robbery occurred after those sections took effect on January 1, 1980. Although a Rule 32 petitioner is not required to include attachments to his or her petition in order to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), when a petitioner does so, those attachments are considered part of the pleadings. Thus, we conclude that the allegations contained in Conner's petition, coupled with the indictment, were sufficient to satisfy Conner's burden of pleading his claim that he was convicted of an offense — attempted robbery — that did not exist at the time it was committed.
Conner's claim is jurisdictional, is sufficiently pleaded, and was not refuted by the State. Therefore, we must remand this case for the circuit court to address the merits of Conner's claim that he was convicted of an offense that did not exist under Alabama law when it was committed, and to issue specific written findings of fact regarding that claim, including a specific finding regarding the date the offense occurred. The circuit court may either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions pursuant to Rule 32.9(a). If the court determines that the offense was committed after January 1, 1980, it shall grant Conner's Rule 32 petition and vacate Conner's conviction for attempted robbery. If the court determines that the offense occurred before January 1, 1980, the court shall so state in its written order. Due return shall be filed with this Court no later than 35 days from the date of this opinion and shall include a transcript of the evidentiary hearing, if one is conducted, any other evidence received by the court, and the circuit court's specific written findings of fact.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
* Note from the reporter of decisions: On October 27, 2006, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.