On Application for Rehearing
This Court's unpublished memorandum issued on April 28, 2006, is withdrawn, and the following opinion is substituted therefor.
Rex Earl Pilgrim appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 2, 1982, conviction for attempted robbery in the first degree entered pursuant to a guilty plea and his resulting sentence of life imprisonment. Pilgrim stated in his petition that he did not appeal that conviction.
Pilgrim filed this, his fourth, Rule 32 petition on June 9, 2005. In his petition, Pilgrim alleged that his sentence exceeded the maximum authorized by law. Specifically, Pilgrim alleged:
 "Petitioner Rex Earl Pilgrim was indicted for Robbery I and on or about April 2, 1982, he plead[ed] guilty to a lesser included offense of Attempted Robbery I which is a `Class B' felony, (which sentence range is 2 years to 20 years).
 "The Trial Court sentenced the Petitioner to life in prison. This sentence is illegal because there is nothing in the record to indicate that the Habitual Felony Offender Act was invoked or applied to him.
 "There is nothing on the Case Action Summary which shows the H.F.O.A. being applied. See Exhibit # 1.
 "There is nothing in the Judgment Entry stating that the Petitioner was sentenced as a habitual offender. Exhibit # 2.
 "There is nothing on the Transcript of Record and Conviction Report Form stating that Pilgrim was sentenced as a habitual offender. In fact, the entire record, including the guilty plea colloquy is devoid of any reference to the H.F.O.A. Exhibit # 3.
 "Although Pilgrim does have prior convictions that in itself does not prove that he was sentenced as a habitual offender. There is no reference to enhancement and no record of the H.F.O.A. being applied. Barnes v. State, 708 So.2d 217
(Ala.Cr.App. 1997) and White v. State, 591 So.2d 591 (Ala.Cr.App. 1991)."
(C. 15.) After receiving a response from the State, the circuit court summarily denied the petition on July 15, 2005.
Pilgrim's claim that the record does not affirmatively show that he was sentenced *Page 699 
under the Habitual Felony Offender Act does not have jurisdictional implications and, thus, is subject to the procedural bars in Rule 32.2. See Murray v. State,922 So.2d 961 (Ala.Crim.App. 2005) (Rule 32 petitioner's claim that the record did not affirmatively reflect that he was sentenced under the Habitual Felony Offender Act is not a jurisdictional claim). Specifically, this claim is barred by Rule 32.2(a)(5), because it could have been, but was not, raised and addressed on appeal; by Rule 32.2(b), because this is a successive petition; and by Rule 32.2(c), because Pilgrim's petition was filed long after the limitations period had expired. Therefore, summary denial of Pilgrim's petition was proper.[1]
For the first time on rehearing, Pilgrim argues that he was convicted of an offense — attempted robbery — that does not exist under Alabama law, and that his conviction and sentence are, thus, void. Although generally claims raised for the first time on rehearing are not properly before this Court for review, this claim is jurisdictional, see Conner v.State, 955 So.2d 473 (Ala.Crim.App. 2006), and jurisdictional claims may be raised at any time, see Nunn v.Baker, 518 So.2d 711 (Ala. 1987).
In Casey v. State, 925 So.2d 1005 (Ala.Crim.App. 2005), this Court addressed a similar issue:
 "Casey was originally indicted for robbery in the first degree, and on February 28, 1983, he pleaded guilty to attempted robbery in the first degree. He claims that the trial court had no jurisdiction to accept the plea because, he argues, the offense he was charged with and to which he pleaded guilty did not exist under Alabama law. In Petty v. State, 414 So.2d 182, 183 (Ala.Crim.App. 1982), this Court said:
 "`Because the definition of robbery has been enlarged and expanded by the new criminal code, "the former offense of assault with intent to rob has been merged into the present offense of robbery." [Marvin v. State, 407 So.2d 576, 579 (Ala.Crim.App. 1981).] For this same reason the former crime of attempted robbery now constitutes robbery. Section 13A-8-43(a) adds a definition that extends robbery to include conduct which occurs in an attempt to commit a theft or in flight after the attempt or commission. Section 13A-8-40(b).'
 "The State concedes that because Casey pleaded guilty to an offense that does not exist, his conviction is void and should be set aside. In Ex parte Wesley, 481 So.2d 1162, 1163 (Ala. 1985), the Alabama Supreme Court held that the State may reindict an appellant for the appropriate offense of robbery; in Ex parte Wesley, the appellant had previously been charged with robbery in the first degree, but that charge had been amended pursuant to a guilty-plea agreement to charge the non-existent offense of attempted robbery. Thus, while the first indictment was improper and void, the State could properly charge an offense established by the evidence."
925 So.2d at 1006. See also Conner, supra, andWatkins v. State, 941 So.2d 343 (Ala.Crim.App. 2006). Clearly then, if Pilgrim committed the offense after January 1, 1980, *Page 700 
the effective date of the Alabama Criminal Code, the trial court lacked jurisdiction to accept his guilty plea to the offense of attempted robbery because, after the effective date of the Criminal Code, attempted robbery was no longer a criminal offense in Alabama.
Although Pilgrim made no allegations in his petition regarding the date of the offense, the record indicates that the offense may have been committed after January 1, 1980. The case-action summary reflects that Pilgrim was arrested on December 31, 1981; that he was indicted on March 5, 1982; and that he pleaded guilty on April 2, 1982. The record also contains a "State of Alabama Board of Corrections Form" entitled "Transcript of Record (Conviction Report)" that Pilgrim attached to his petition. (C. 20.) That document states that the "[o]ffense occurred after May 19, 1980." (C.20.)
Because Pilgrim's claim is jurisdictional and appears to be supported by the record, we must remand this case for the circuit court to address Pilgrim's claim that he was convicted of an offense that did not exist under Alabama law when it was committed, and to issue specific written findings of fact regarding that claim, including a specific finding regarding the date the offense occurred. The circuit court may either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions pursuant to Rule 32.9(a). If the court determines that the offense was committed after January 1, 1980, it shall grant Pilgrim's Rule 32 petition and vacate his conviction and sentence for attempted robbery. If the court determines that the offense occurred before January 1, 1980, the court shall so state in its written order. Due return shall be filed with this Court no later than 35 days from the date of this opinion and shall include a transcript of the evidentiary hearing, if one is conducted, any other evidence received by the court, and the circuit court's specific written findings of fact.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM OF APRIL 28, 2006, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] To the extent that Pilgrim intended to argue that he was not, in fact, sentenced as a habitual offender, i.e., that the Habitual Felony Offender Act was never invoked and applied at sentencing, we point out that Pilgrim admitted in a previous Rule 32 petition that he was, in fact, sentenced as a habitual offender. See Pilgrim v. State, (No. CR-04-0425)925 So.2d 1019 (Ala.Crim.App. 2005) (table). Therefore, that claim is meritless.
* Note from the reporter of decisions: On February 16, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.