[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11627

_____

D.C. Docket Nos. 5:16-cv-8107-LSC; 5:99-cr-00102-LSC-TMP-1

CLIFFORD SENTER,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee,

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 13, 2020)

Before NEWSOM and BRANCH, Circuit Judges, and BAKER,[*] District Judge.

BAKER, District Judge:

Clifford Senter, a federal prisoner, appeals from the district court's denial of his 28 U.S.C. § 2255 petition for a writ of habeas corpus. We granted a certificate of appealability to determine whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Senter's claim that he no longer qualified as an armed career criminal in light of *Johnson v. United States*, 576 U.S. 591 (2015), because his prior 1988 Alabama conviction for attempted first-degree robbery has no state law elements. After careful review and with the benefit of oral argument, we vacate and remand.

## I

In 1999, a jury in the Northern District of Alabama found Senter guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and 2 (Count I); using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count II); and possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count III). Normally, a violation of 18 U.S.C. § 922(g)(1) carries a maximum penalty of ten years in prison. 18 U.S.C. § 924(a)(2). However, Senter's Presentence Investigation Report ("PSI") provided

---

[*] Honorable R. Stan Baker, United States District Judge for the Southern District of Georgia, sitting by designation.

that under the Armed Career Criminal Act ("ACCA") Senter qualified for an

enhanced sentence because he had three prior violent felony convictions. The PSI

based its finding on Senter's three prior Alabama convictions: (1) a 1988 second-

degree robbery; (2) a 1988 attempted first-degree robbery; and (3) a 1992 third-

degree robbery.

At the time of Senter's sentencing, a conviction could qualify as a violent

felony conviction under three different ACCA definitional clauses. 18 U.S.C. §

924(e)(2)(B)(i)–(ii). A conviction counted as a violent felony under the ACCA's

so-called "elements clause" if it had "as an element the use, attempted use, or

threatened use of physical force against the person of another[,]" or it could qualify

under the "enumerated clause" if the conviction was for "burglary, arson, . . .

extortion [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(i)–(ii); *In re*

*Hires*, 825 F.3d 1297, 1298–99 (11th Cir. 2016). Finally, under the statute's

"residual clause," a violent felony conviction also included "conduct that presents

a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

During the sentencing hearing, the district court adopted the PSI and found

that Senter was an armed career criminal. However, the district court did not

specify whether the prior convictions qualified as violent felonies under the

residual clause or instead under one of the ACCA's other definitional clauses. The

district court applied the ACCA enhanced sentencing requirement and sentenced

3

Senter to a term of three hundred months for Count I and three hundred and sixty months for Count III, to be served concurrently. Finally, for Count II, Senter received an additional sixty months to be served consecutively, for a total sentence of four hundred and twenty months.

In 2015, the United States Supreme Court decided *Johnson v. United States*, holding "that imposing an increased sentence under the [ACCA's residual clause] violates the Constitution's guarantee of due process." *Johnson*, 576 U.S. at 606. In June 2016, Senter, acting *pro se*, filed a § 2255 petition in the Northern District of Alabama, arguing that his "[e]nhanced sentence [was] void in light of *Johnson*." After the district court appointed him counsel, Senter filed a Supplemental Brief. In it, he argued, among other things, that without the ACCA's residual clause his 1988 Alabama attempted robbery conviction did not count as a violent felony for purposes of the ACCA sentence enhancement because attempted robbery is not a crime under Alabama law and thus has no elements.[1] Senter asserted that without any elements, his attempted robbery conviction did not meet either of the remaining definitions of a violent felony because it did "not have as an element the

---

[1] Alabama enacted a new criminal code in 1980 which no longer recognized attempted robbery as a separate criminal offense from robbery. *See Conner v. State*, 955 So. 2d 473, 475 (Ala. Crim. App. 2006) ("Since the effective date of the Alabama Criminal Code, January 1, 1980, attempted robbery is no longer considered a criminal offense ......."); *Petty v. State*, 414 So. 2d 182, 183 (Ala. Crim. App. 1982) ("Because the definition of robbery has been enlarged and expanded by the new criminal code ........ the former crime of attempted robbery now constitutes robbery.").

use, attempted use, or threatened use of physical force against a person" or "the elements of burglary, arson, extortion [or] an element involving the use of explosives" as required by the ACCA. He also argued in the alternative that, "even if the Court can attribute elements to a non-existent crime, an attempt does not require as an element the use, attempted use, or threatened use of physical force against a person."

On February 5, 2018, the district court issued a Memorandum of Opinion denying Senter's petition. The district court characterized Senter's Supplemental Brief as trying to "argue[] that . . . because attempted robbery has not been a criminal offense in Alabama since 1979,........ his attempted robbery conviction is invalid as a matter of Alabama state law." The district court rejected this argument as a collateral attack on the validity of his state court conviction. The district court also dismissed Senter's alternative argument, reasoning that "an attempt to commit robbery necessarily includes, at a minimum, an attempt to use force," and "an attempt to use force is sufficient to bring a crime within the elements clause portion of the violent-felony definition." The district court then dismissed Senter's § 2255 petition with prejudice.

This appeal followed.[2]

---

[2] "On an appeal of a § 2255 motion to vacate, we review legal issues *de novo* and factual findings for clear error." *McKathan v. United States*, 969 F.3d 1213, 1222 (11th Cir. 2020).

5

## II

Senter argues that the district court violated *Clisby v. Jones* by failing to address his claim that his Alabama attempted robbery conviction was not a violent felony conviction for purposes of the ACCA because the crime does not exist under Alabama law and thus lacks any elements. *Clisby* requires a federal district court "to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied." *Clisby*, 960 F.2d at 936. We have also applied the principle announced in *Clisby* to claims raised in a § 2255 motion. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (per curiam) ("[T]he district court was required to comply with *Clisby* and resolve all claims for relief raised in [petitioner's] § 2255 motion."); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions."). Under this analysis, a claim for relief "is any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. If a district court fails to resolve all of a petitioner's claims, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938. As we have previously explained, "[p]olicy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables

a more thorough review of his claims, thus enhancing the quality of the judicial product." *Id.* at 936 (internal quotations omitted).

The district court interpreted Senter's argument concerning his 1988 attempted robbery conviction as a collateral attack against his state court conviction and rejected the claim on those grounds. The district court was correct that, as a general matter, a defendant cannot attack his previous state convictions through a § 2255 petition. *See Daniels v. United States*, 532 U.S. 374, 376 (2001) (As a general rule, a petitioner "may not . . . challenge his federal sentence through a motion under 28 U.S.C. § 2255 . . . on the ground that his prior convictions were unconstitutionally obtained."); *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995) ("Generally, we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence."). However, here, the district court mischaracterized Senter's argument. In his Supplemental Brief supporting his § 2255 motion, Senter did not argue that, under state law, his attempted robbery conviction is itself constitutionally infirm because Alabama law does not recognize this offense. Instead, he argued that, under federal law, his attempted robbery conviction cannot meet the requirements of a violent felony conviction under either of the remaining ACCA definitional clauses, because attempted robbery does not exist under Alabama law and, therefore, does not have

7

any elements. Thus, the district court violated *Clisby* by misconstruing Senter's argument and not resolving his actual claim for relief.

Despite the district court's Memorandum of Opinion explicitly rejecting Senter's request for relief as a collateral attack, the Appellee argues that the district court resolved the request "by concluding that the elements clause covered his attempted-robbery offense." The district court did state that "Alabama robbery includes force against the person of another as an element. Thus, an attempt to commit robbery necessarily includes, at a minimum, an attempt to use force." However, the district court was clear that this was in response to Senter's alternative argument that "attempted first-degree robbery does not qualify as a violent felony under the ACCA because 'an attempt does not require as an element the use, attempted use, or threatened use of physical force against a person.'" The district court never in the first instance resolved Senter's claim that his attempted robbery conviction could not be a violent felony because, as an offense unrecognized by Alabama law, it has no elements at all. Since the district court did not address this claim, it violated *Clisby*.

This conclusion is firmly in line with our precedent. In order to satisfy *Clisby*, a district court need not scour a petitioner's motion for anything that could conceivably be framed as a claim for relief. *See Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251 (11th Cir. 2020) ("[C]laims for relief must be clearly

8

presented to the district court........") (citing *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1351–52 (11th Cir. 2009)). However, when "[a] habeas petitioner . . . present[s] a claim in clear and simple language such that the district court may not misunderstand it," a district court must address and resolve the claim. *Dupree*, 715 F.3d at 1299. In this case, Senter clearly raised the claim that his "[a]ttempted robbery cannot qualify as a violent felony under either the force clause or as an enumerated offense because it is a non-existent offense and therefore does not have any elements" and by misconstruing it as a collateral attack on his state conviction, the district court failed to resolve his actual claim and violated *Clisby*.

The dissent describes a reasonable approach to the substance of Senter's claim as does the Appellee's Brief. Upon remand, the district court may ultimately reach this same conclusion. However, the dissent's thorough review of Senter's claim only highlights the absence of any such review in the district court's Memorandum of Opinion. We may not provide such an analysis on appeal when the district court failed to provide it below. Rather, we are constrained to only "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 938. Indeed, avoiding substantive reviews of habeas claims without a clear record for review is one of the key policies underlying *Clisby*. *See Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010) ("[W]e have long required the district courts.......facilitate

9

meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues. This general policy comports with the *Clisby* rule.") (internal citations omitted). Further, our review is limited to the *Clisby* issue presented in Senter's certificate of appealability and not the substantive merits of his underlying claim. *See Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013). Accordingly, we must remand the case to the district court.

## III

For the foregoing reasons, we vacate the district court's denial of Senter's § 2255 petition without prejudice and remand for consideration of his claim that his 1988 attempted robbery conviction is not a violent felony conviction for purposes of the ACCA because it lacks elements.

**VACATED AND REMANDED**.

BRANCH, Circuit Judge, dissenting:

Following the district court's denial of Clifford Senter's 28 U.S.C. § 2255 motion to vacate sentence, we granted a certificate of appealability to determine whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address Senter's claim that he no longer qualified as an armed career criminal in light of *Johnson v. United States*, 576 U.S. 591 (2015), due to the fact that his prior 1988 Alabama conviction for attempted first-degree robbery was a non-existent offense that has no state law elements. Because the district court adequately addressed Senter's claim, I respectfully dissent.

In 1999, a jury convicted Senter of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The presentence investigation report ("PSI") indicated, in relevant part, that Senter was an armed career criminal, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he was convicted of violating § 922(g) and had three prior violent felony convictions: (1) Alabama second-degree robbery in 1988; (2) Alabama attempted first-degree robbery in 1988; and

11

(3) Alabama third-degree robbery in 1992.[1] The PSI did not specify under which clause of the ACCA's definition of a violent felony (elements, enumerated offenses, or residual clause) these predicate offenses fell.[2] At sentencing, Senter did not raise any objections to the PSI, and the district court adopted the PSI in full. Relying on the PSI, the district court found that Senter was "an armed career criminal," but did not further discuss the ACCA enhancement. The district court imposed a total sentence of 420 months' imprisonment. This Court affirmed

---

[1] The ACCA provides that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

[2] At the time of Senter's sentencing, the ACCA defined a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). The first prong of this definition was the "elements clause," while the second prong contained the "enumerated crimes clause" and the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

12

Senter's convictions and sentences on direct appeal. *United States v. Senter*, 232 F.3d 214 (11th Cir. 2000) (mem.).

In 2015, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. *See Johnson*, 576 U.S. at 597–602. Thereafter, the Supreme Court held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, such as Senter's case. *See Welch v. United States*, 136 S. Ct. 1257, 1264–65, 1268 (2016).

In 2016, Senter filed his first 28 U.S.C. § 2255 motion to vacate sentence, arguing, among other things, that the ACCA enhancement was no longer valid in light of the Supreme Court's decision in *Johnson*. Senter asserted that neither of his prior convictions for Alabama second- or third-degree robbery qualified under the ACCA's elements clause or enumerated offenses clause. Senter further argued that, following amendments to the Alabama Code in 1980, attempted robbery was no longer a criminal offense in Alabama, which meant that his 1988 conviction for Alabama attempted first-degree robbery could not "qualify as a violent felony under either the [elements] clause or as an enumerated offense because it is a non-existent offense and therefore does not have any elements." Alternatively, he argued that even if the court could "attribute elements to a non-existent crime, an attempt does not require as an element the use, attempted use, or threatened use of physical force against a person," and, therefore, his 1988 conviction for attempted

13

first-degree robbery could only qualify as an ACCA predicate under the now-void residual clause. Accordingly, he maintained that he no longer had three qualifying felonies for purposes of the ACCA enhancement post-*Johnson*, and that he was serving a sentence in excess of the maximum allowed by law and was entitled to be resentenced.

The district court denied Senter's § 2255 motion on the merits. First, the district court examined Alabama first-, second-, and third-degree robbery and concluded that "each degree of Alabama robbery categorically constitutes a violent felony because each 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" The district court then concluded that "an attempt to commit [Alabama] robbery necessarily includes, at a minimum, an attempt to use force," such that attempted Alabama robbery in any degree categorically qualified as a violent felony under the elements clause. Finally, the district court concluded that Senter's argument that his prior conviction for Alabama attempted first-degree robbery was not a qualifying violent felony because it was a non-existent offense (and therefore necessarily had no elements) constituted an impermissible collateral attack on the validity of his state court conviction. Accordingly, the district court denied Senter's § 2255 motion.

The majority and I agree that our *en banc* decision in *Clisby* requires a district court to resolve all claims for relief raised in a writ of habeas corpus or a

14

motion to vacate sentence, regardless of whether habeas relief is granted or denied. 960 F.2d at 936; *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* to § 2255 proceedings). "A claim for relief for purposes of *Clisby* is any allegation of a constitutional violation." *Rhode*, 583 F.3d at 1291 (alteration adopted) (quoting *Clisby*, 960 F.2d at 936). "When a district court does not address all the constitutional claims in a [§ 2255 motion], we 'will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims.'" *Id.* (quoting *Clisby*, 960 F.2d at 938).

Senter claimed in his § 2255 motion that he no longer had three qualifying ACCA violent felony offenses post-*Johnson* because (a) Alabama second- and third-degree robbery did not categorically require the use of force, and (b) his conviction for Alabama attempted first-degree robbery was a non-existent offense, which necessarily has no elements for purposes of qualifying under the elements clause, and even if elements could be attributed to it, it could not qualify because it was an attempted offense.

The majority and I agree that the district court addressed adequately argument (a) when the district court determined that Alabama robbery, *in any degree*, categorically qualified as a violent felony under the ACCA's elements clause. The majority and I also agree that the district court addressed adequately the second part of argument (b) when it determined that an "attempt" to commit

15

Alabama robbery in any degree would also categorically qualify under the ACCA's elements clause, and therefore Senter's attempted first-degree robbery conviction categorically qualified under the ACCA's elements clause.

The majority and I disagree, however, as to whether the district court addressed adequately the first part of argument (b)—that Senter's conviction for Alabama attempted first-degree robbery was for a non-existent offense, and, therefore it has no elements for purposes of qualifying under the elements clause. In addressing this argument, the district court reasoned as follows,

> Senter additionally argues that his attempted first-degree robbery conviction is not a violent crime because attempted robbery has not been a criminal offense in Alabama since 1979, relying upon *Conner v. State*, 955 So. 2d 473, 475 (Ala. Crim. App. 2006) ("Since the effective date of the Alabama Criminal Code, January 1, 1980, attempted robbery is not longer considered a criminal offense."). In other words, Senter argues that his attempted robbery conviction is invalid as a matter of Alabama state law. However, Senter may not collaterally attack the validity of his state-court conviction in these proceedings. *See, e.g.*, *Custis v. United States*, 511 U.S. 485, 497 (1994) ("§ 924(e) does not merit Custis to use the federal sentencing forum to gain review of his state convictions"); *United States v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997) ("Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel."); *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995) ("Generally, we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence."). . . .

Senter argues on appeal, and the majority agrees, that the district court violated *Clisby* because it failed "to address [Senter's] claim that his Alabama

16

attempted robbery conviction was not a violent felony conviction for purposes of the ACCA because the crime does not exist under Alabama law and thus lacks any elements." In other words, while the majority agrees that generally a defendant cannot attack the validity of his state court conviction in a § 2255 proceeding, the majority contends that the district court mischaracterized Senter's argument because he was not arguing that his state conviction was constitutionally infirm. Rather, the majority explains that Senter's argument was simply that, "under federal law, his attempted robbery conviction cannot meet the requirements of a violent felony under either of the remaining ACCA definitional clauses, *because attempted robbery does not exist under Alabama law* and, therefore, does not have any elements." (emphasis added). Thus, the majority holds that the district court violated *Clisby* because it did not resolve "in the first instance . . . Senter's claim that his attempted robbery conviction could not be a violent felony, *because, as an offense unrecognized by Alabama law*, it has no elements at all." (emphasis added).

But Senter's argument that his conviction for Alabama attempted first-degree robbery lacked any elements was not distinct from his argument that this conviction was for a non-existent offense under Alabama law. To be clear, the district court could not address whether Senter's prior conviction lacked any elements without addressing the premise on which this contention was

17

predicated—that he was convicted of a non-existent offense. The two questions are inextricably intertwined—the arguments are one and the same. This fact is confirmed by the majority's recitation of Senter's argument throughout its opinion in which it repeatedly highlights that Senter argues the attempted robbery conviction lacks elements because the offense of attempted robbery does not exist under Alabama law.

And if the district court had determined that Senter's prior conviction lacked elements *because it was a non-existent offense under Alabama law*, the district court at a minimum would have been implying that the state conviction is invalid—after all, one cannot have a valid conviction for a *non-existent offense*. Such a holding, in essence, would have been sanctioning a collateral attack to the state conviction and would have constituted an end-run around the Supreme Court's decision in *Custis v. United States*, 511 U.S. 485 (1994), and its progeny.[3]

---

[3] In *Custis*, the Supreme Court held that, with the sole exception of convictions obtained in violation of a defendant's right to counsel, the ACCA "does not permit [a defendant] to use the federal sentencing forum to gain review of his state convictions." 511 U.S. at 497. Rather, the defendant must attack his state convictions in state court or through federal habeas review via 28 U.S.C. § 2254, and, if successful, "may then apply for reopening of any federal sentence enhanced by the state sentences." *Id.* The Supreme Court reasoned that its conclusion was supported by the interest in the finality of judgments, noting that "[b]y challenging the previous conviction, the defendant is asking a district court 'to deprive the state-court judgment of its normal force and effect in a proceeding that has an independent purpose other than to overturn the prior judgment." *Id.* (alterations adopted) (quotation omitted).

While the *Custis* rule arose in the context of a challenge to a state conviction used to enhance a federal sentence during the federal sentencing proceeding itself, the Supreme Court later extended this rule to § 2255 proceedings in *Daniels v. United States*, 532 U.S. 374 (2001),

18

It is evident that the district court recognized this problem because the district court cited *Custis* when concluding that Senter's argument constituted an impermissible collateral attack on the validity of his state conviction. Thus, the district court did not mischaracterize Senter's claim.

In short, although the district court could have provided a more thorough explanation of its reasoning, its resolution of Senter's argument that his prior Alabama attempted first-degree robbery conviction was for a non-existent offense, which therefore lacks any elements, while brief, was sufficient to comply with *Clisby*. After all, *Clisby* did not require the district court to comment extensively on all arguments or evidence presented in support of a claim; rather, it simply directed the district courts to address the constitutional claim itself, which is what the district court did here.[4] *See Clisby*, 960 F.2d at 934–36. Therefore, because

holding that prior convictions are presumptively valid and may not be collaterally attacked in § 2255 proceedings. 532 U.S. at 376, 382–83.

Thus, in light of *Custis* and *Daniels*, the district court was required to presume the validity of Senter's 1988 Alabama attempted first-degree robbery conviction. The district court did just that when it concluded that *any degree* of Alabama robbery, including attempted first-degree robbery, would categorically qualify under the ACCA's elements clause.

Finally, although Senter has suggested that granting him relief in this instance would have no effect beyond this federal proceeding, the Supreme Court rejected a virtually identical argument in *Daniels*. *See* 532 U.S. at 380 (rejecting the petitioner's argument "that invalidating a prior conviction . . . for purposes of its use under the ACCA would have no effect beyond the federal proceeding," and noting that "if a state conviction were determined to be sufficiently unreliable that it could not be used to enhance a federal sentence, the State's ability to use that judgment subsequently for its own purposes, would be, at the very least, greatly undermined. [And], the State does have a real and continuing interest in the integrity of its judgments").

[4] It is unclear what more the majority would have the district court do on remand in light of the limitations posed by the Supreme Court's decision in *Custis* and its progeny and the

there was no *Clisby* error, I would affirm the denial of Senter's § 2255 motion.

Consequently, I respectfully dissent.

---

unavoidable adverse implications on the validity of the state court judgment that necessarily flow from Senter's claim that his offense of conviction lacks elements because it was for a non-existent offense under Alabama law.

Nevertheless, in light of the fact that this case is being remanded, I note that the district court may wish to consider whether Senter's claim is in fact *Johnson*-based. The necessary implication of Senter's contention that his prior conviction for Alabama attempted first-degree robbery has no state law elements leads to the inevitable conclusion that the conviction could not have qualified under the ACCA's residual clause at the time of his 1999 sentencing. *See James v. United States*, 550 U.S. 192, 208 (2007) (explaining that when determining whether a prior conviction qualified under the ACCA's residual clause, the federal sentencing court had to determine "whether the conduct encompassed by the *elements of the offense*, in the ordinary case, present[ed] a serious potential risk of injury to another" (emphasis added)). Thus, it appears Senter's challenge to the counting of his Alabama attempted first-degree robbery conviction as an ACCA predicate offense is in fact not dependent on the new, retroactive rule announced in *Johnson*, and should have been brought earlier either on direct appeal or in a timely § 2255 motion filed within one-year of his judgment becoming final. *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) ("[I]f a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed.").